CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

8/17/2023

LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

| | |
|---|---|
| JOSHUA HEAD,<br><br>                            *Plaintiff*,<br><br>v.<br><br>MODINE MANUFACTURING COMPANY,<br><br>                            *Defendant.* | CASE NO. 6:23-cv-00029<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>JUDGE NORMAN K. MOON |

      This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant Modine Manufacturing Company and on Defendant's Motion to Set Aside the Default. For the following reasons the Court will grant Defendant's Motion to Set Aside the Default and will deny as moot Plaintiff's Motion for Default Judgment.

      On May 22, 2023, Plaintiff Joshua Head filed a complaint against his prior employer Defendant Modine Manufacturing Company. Dkt. 1. In the complaint, Plaintiff claimed that Modine violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, when it denied Plaintiff's request for leave on the basis that he lacked sufficient months of service to qualify for FMLA's protections. Dkt. 1 at 1. The following day (May 23), the Clerk of Court issued the summons to Modine. Dkt. 3. Thereafter, Plaintiff filed proof of service, attesting that he had served Modine with service of process on June 2, 2023, by serving Modine's registered agent. Dkt. 4. Modine did not answer or otherwise respond to the complaint within 21 days after being served with the summons and complaint, *i.e.*, by June 23, 2023, as required. Fed. R. Civ. P. 12(a)(1)(A).

On August 1, 2023, Plaintiff filed a motion for entry of default against Modine. Dkt. 5. The next day (August 2), the Clerk of Court entered Clerk's Entry of Default against Modine. Dkt. 6.

On August 7, 2023, the Court entered an oral order, noting that the Clerk's Entry of Default had been entered against Modine, and directing Plaintiff to file any motion for default judgment within thirty days. Dkt. 7.

Two days after the Court's oral order (August 9), Plaintiff filed a motion for default judgment against Modine. Dkts. 8, 9. The next day (August 10), counsel for Modine entered notices of appearance, and the day after (August 11), Modine filed a motion to set aside the default. Dkts. 13, 14. Plaintiff has opposed Modine's motion to set aside the entry of default. Dkt. 15. Finding the issues sufficiently briefed and oral argument unnecessary, the motions are ripe for disposition.

A court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In so ruling, a court should consider "(1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic." *Mavila v. Absolute Collection Serv., Inc.*, 539 F. App'x 202, 204–05 (4th Cir. 2013). The Fourth Circuit has long held that "Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Colleton Prep. Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 421 (4th Cir. 2010) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson*, 411 F.2d at 130.

All but one of these factors weigh in favor of setting aside entry of default for good cause. *First*, Modine has acted with reasonable promptness and diligence in seeking to set aside the default. *See United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default …"). Modine's counsel filed a motion to set aside the default a mere nine days after the Clerk of Court entered default against Modine, and a mere two days after Plaintiff moved for default judgment. Dkts. 6, 8, 13. Moreover, the undisputed evidence is that Modine actually discovered this suit against it on August 9, and that day engaged counsel, who entered their appearance the following day and moved to set aside the default two days later. Dkt. 14-1 ¶ 5 (Bumpurs Decl.). The Fourth Circuit and courts within the Circuit have found that defendants acted reasonably promptly when they have sought to vacate entry of default after similar delays. *See, e.g.*, *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1998) (finding reasonable promptness with two-week delay between entry of default and motion to vacate); *Colleton*, 616 F.3d at 418 (same when counsel moved to set aside default nine days after learning of the case). The reasonable promptness factor weighs in favor of setting aside the default.

*Second*, the Court considers whether Plaintiff would suffer prejudice if the Court vacated the entry of default. In this context, "delay in and of itself does not constitute prejudice to the opposing party," and "the issue is one of *prejudice* to the adversary, not merely the existence of delay." *Id.* "To determine if the non-defaulting party was prejudiced, courts examine whether the delay [caused by the default]: (1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the

3

defaulting party to collude or commit a fraud." *Vick v. Wong*, 263 F.R.D. 325, 330 (E.D. Va. 2009) (citing *Burton v. The TJX Cos., Inc.*, No. 3:07-cv-760, 2008 WL 1944033, at *4 (E.D. Va. May 1, 2008)).

Plaintiff does not argue that the delay caused by Modine's default would prejudice it in any of these ways. Rather, Plaintiff asserts that he has suffered "enormous prejudice from [Modine's] failure to timely respond," because he has a chronically ill child who requires "hundreds of thousands of dollars in medical treatment each year," and that when Modine terminated Plaintiff's employment, it also terminated his insurance coverage. Dkt. 15 at 10. According to Plaintiff, the delay has resulted in "negative effects … on his son's health," and Plaintiff argues that "specialists who previously treated Plaintiff's son cancelled appointments and refused to continue providing treatment citing Plaintiff's lack of insurance coverage." *Id.* Plaintiff points to one allergy treatment for his son on May 16, 2022, that had to be reset because the provider did not take his new insurance. Dkt. 15-1 ¶¶ 7–9 (Head Decl.). However, that was before Plaintiff even filed his complaint and thus any delay occasioned by Modine's failure to timely respond did not result in this claimed prejudice. Moreover, the other asserted disruptions in treatment are undated and do not establish any prejudice occasioned by Modine's failure to timely respond. *Id.* ¶¶ 6, 10–11. Again, there was a nine-day delay after default was entered until Modine moved to set aside the default, and a forty-day delay between when the answer should have been filed and when default was entered. The record does not demonstrate that Plaintiff has been prejudiced on account of this modest delay in timely response. This factor similarly weighs in favor of setting aside the default.

*Third*, the Court considers whether "there are other instances of dilatory action on the part of the defaulting party as a factor to determine whether setting aside entry of default is

4

warranted." *Pinpoint IT Servs., L.L.C. v. Atlas IT Export Corp.*, 812 F. Supp. 2d 710, 727 (E.D. Va. 2011) (citing *Colleton*, 616 F.3d at 418). The record shows no prior dilatory action by Modine, nor does Plaintiff assert there is any. Dkt. 15 at 9 (writing that "Plaintiff is unsure whether Defendant has a history of dilatory action similar to what it has displayed here"). This factor weighs in favor of setting aside the default.

*Fourth*, the Court considers whether there are alternative sanctions less drastic than entering default. For instance, in vacating entry of default, the Court may "impose other sanctions against the offending attorney, such as awarding the non-movant's costs and attorney's fees." *Augusta Fiberglass*, 843 F.2d at 811; *Saunders v. Metro. Prop. Mgmt., Inc.*, 806 F. App'x 165, 168 (4th Cir. 2020) (affirming district court's decision to set aside entry of default while awarding attorney's fees). Plaintiff does not ask for attorney's fees or other costs, or any other sanctions less drastic than entering default. Rather, Plaintiff's position is that "no less severe sanctions are available given that Defendant is already liable for paying Plaintiff's attorney's fees under the FMLA." Dkt. 15 at 11. The Court disagrees. Modine is not liable yet for any attorney's fees. No judgment has been entered. The case is at its most preliminary stage, and no dispositive motions have been filed, much less ruled upon. In addition, no lesser sanctions have been attempted and failed. Indeed, the Court concludes that lesser sanctions are unwarranted in this case based on the record before the Court at this time. This factor also weighs in favor of vacating entry of default.

*Fifth*, the Court considers the factor of personal responsibility of the defaulting party. When considering this factor, "courts are essentially asking whether the defaulting party is 'ultimately responsible' for failing to respond." *Progressive Adv. Ins. Co. v. Holt*, No. 2:22-cv-321, 2023 WL 2072413, at *3 (E.D. Va. Feb. 17, 2023) (citing *Pinpoint IT Servs.*, 812 F. Supp.

2d at 726). Here, delay and failure to timely respond was occasioned by a change in Modine's legal department. Bumpurs Decl. ¶¶ 4–5. This was not an issue of any delay by counsel, who quickly entered appearances and filed a motion to set aside entry of default once retained. Thus, personal responsibility for the initial failure to timely respond rests on Modine rather than counsel. However, once Modine was apprised of the filing, it acted quickly (the same day). And, in light of the Fourth Circuit's "strong preference that, as a general matter, defaults be avoided," *Colleton*, 616 F.3d at 417, this factor—without indication of failure to take personal responsibility or any history of dilatory action by Modine—is of limited significance in this case and weighs only slightly against vacating entry of default.

And s*ixth*, the Court considers whether Modine has a meritorious defense. "In the context of a defendant's motion to set aside the entry of default or default judgment, a meritorious defense will be established if the defendant proffers evidence that, if believed, would permit the court to find for the prevailing party." *Payton v. Guallart*, No. 3:22-cv-42, 2022 WL 16636937, at *4 (W.D. Va. Nov. 11, 2022) (citation omitted). The defendant's burden in this respect is "minimal." *Id.* And if a defendant offers a "bare allegation of a meritorious defense," the trial court, "in its discretion," could "requir[e] disclosure of facts to support such a conclusory assertion." *Id.* (quoting *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967)). Indeed, the "underlying concern is … whether there is some possibility that the outcome … after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass*, 843 F.2d at 812. Plaintiff trains most of his fire on Modine on this factor, arguing that it failed to cite any facts in support of a meritorious defense, and arguing that Modine's legal arguments are without merit. Dkt. 15 at 3–6.

6

For its part, Modine contends that it did not violate the FMLA when it terminated Plaintiff and that it "terminated him for a legitimate, non-discriminatory, non-retaliatory reason: a violation of the Company's attendance policy." Dkt. 14 at 3. Modine also asserts numerous defenses as to the amount of damages claimed including: (1) Plaintiff's claim for liquidated damages (on the basis that Modine reasonably believed it was not violating the FMLA when it terminated him); (2) Plaintiff's claim for punitive damages (on grounds that they are unavailable under the FMLA); and (3) lost wages and benefits (also contending that he failed to mitigate damages). *Id.*

To be sure, Modine could have provided more detail to flesh out its assertions that it has meritorious defenses. Nonetheless, Modine has met its "low bar" of showing it has "some possibility" of ultimate success in the case. *See Raycap Asset Holdings Ltd. v. Sherman*, No. 3:22-cv-83, 2023 WL 2593012, at *2 (W.D.N.C. Mar. 21, 2023) (citing *Augusta Fiberglass*, 843 F.2d at 812). Modine has not offered merely a legal conclusion that it is not liable under the FMLA, but further stated that it terminated Plaintiff for a nondiscriminatory and nonretaliatory reason, namely, "violation of the Company's attendance policy." Dkt. 14 at 3. A defendant can make out a meritorious defense by proffer. *See Raycap*, 2023 WL 2593012, at *2. Moreover, Modine has articulated numerous defenses it anticipates raising as to the damages Plaintiff seek. Dkt. 14 at 3. This factor weighs in favor of vacating entry of default, though not as decisively as some of the other factors.

Upon considering all the factors set forth above, and noting that in the Fourth Circuit "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits," *Tolson*, 411 F.2d at 130, the Court determines that Modine has shown ample good cause for vacating entry of default. Accordingly,

Modine's motion to vacate entry of default is **GRANTED**, Dkt. 13, and the Clerk's Entry of Default as against Modine will be **VACATED**, Dkt. 6. In view of this holding, Plaintiff's Motion for Entry of Default Judgment will be **DENIED as moot**. Dkt. 8.

Finding good cause to do so, the Court further **ORDERS** Modine to answer or otherwise respond to the Complaint within **fourteen (14) days**.

It is so **ORDERED**.

The Clerk of Court is directed to send a certified copy of this Memorandum Opinion & Order to counsel of record.

Entered this __17th__ day of August, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE