**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **JOSHUA HEAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 6:23-cv-00029-NKM** |
| | ) | |
| **MODINE MANUFACATURING** | ) | |
| **COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant Modine Manufacturing Company ("Modine"), by counsel, hereby submits the following Answer to the Complaint filed by plaintiff Joshua Head ("Plaintiff"):

**I.    JURISDICTION AND VENUE**

1.    This action arises under the Family and Medical Leave Act, 29 U.S. Code § 2601 et seq. ("FMLA").

**ANSWER.**    In regards to the allegations in paragraph 1 of the Complaint, Modine acknowledges that the Compliant speaks for itself, but denies any liability to Plaintiff. Modine expressly denies liability under the Family and Medical Leave Act, 29 U.S. Code § 2601 et seq. ("FMLA").

2.    This Court has subject matter jurisdiction over this action pursuant to 29 U.S. Code § 2617(a), and 28 U.S.C. § 1331.

**ANSWER**.    Paragraph 2 of the Complaint asserts conclusions of law to which no response is required. To the extent a response is required, Modine does not contest the Court's jurisdiction over this matter.

3. Venue lies in the Western District of Virginia, Lynchburg Division, under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Rockbridge County, Virginia.

**ANSWER:** Paragraph 3 of the Complaint asserts conclusions of law to which no response is required. To the extent a response is required, Modine does not contest Plaintiff's chosen venue with this Court. Modine denies the remaining allegations in this paragraph.

II.  **PARTIES**

4. Plaintiff Josh Head is an individual, a United States citizen, and a resident of the Commonwealth of Virginia living in Amherst County, Virginia.

**ANSWER:** Modine is without sufficient information to admit or deny the allegations in paragraph 4 and, therefore, denies the same.

5. At all times relevant herein, Plaintiff worked at Defendant's factory located in Rockbridge County, Virginia.

**ANSWER:** Modine admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant Modine Manufacturing Company ("Modine") is a corporation formed in the State of Wisconsin.

**ANSWER:** Modine admits the allegation contained in paragraph 6 of the Complaint.

7. Modine lists its principal office as: 1500 Dekoven Ave., Racine, WI, 53403.

**ANSWER**: Modine admits the allegation contained in this paragraph.

III.  **LEGAL PRINCIPLES**

A.  **The Family and Medical Leave Act, 29 § U.S.C. 2601, et seq. ("FMLA")**

8.     Under the Family and Medical Leave Act, 29 § U.S.C. 2601, et seq. ("FMLA"), full-time employees who have worked a year or more for their employer are entitled to a total of 12 workweeks of unpaid leave within a 12-month period, subject to exceptions not relevant here.

**ANSWER**:     The allegations in paragraph 8 of the Complaint refer to the Family and Medical Leave Act, which speaks for itself. To the extent Plaintiff has mischaracterized or paraphrased the contents of the FMLA including any corresponding regulations or legal obligations owed by employers, such allegations are denied.

9.     To satisfy the twelve months of service requirement, employees are permitted to count all time worked for Defendant so long as the break in service is less than seven (7) years. 29 C.F.R. § 825.110(b)(1).

**ANSWER:**     The allegations in paragraph 9 of the Complaint assert conclusions of law to which no response is required. To the extent Plaintiff has mischaracterized or paraphrased the contents of the law incorrectly, including any regulations or legal obligations, such allegations are denied.

10.     Moreover, "[i]f an employee is maintained on the payroll for <u>any part of a week</u>, including any periods of paid or unpaid leave (sick, vacation) during which other benefits or compensation are provided by the employer ..., <u>the week counts as a week of employment</u>." 29 C.F.R. § 825.110(b)(3) (emphasis added).

**ANSWER:**     The allegations in paragraph 10 of the Complaint are legal conclusion to which no response is required.  To the extent Plaintiff has mischaracterized or paraphrased the contents of the law incorrectly, including any regulations or legal obligations, such allegations are denied.

11.     "For purposes of determining whether intermittent/occasional/casual employment qualified as at least 12 months, 52 weeks is deemed to be equal to 12 months." Id.

**ANSWER:**     The allegations in paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent Plaintiff has mischaracterized or paraphrased the contents of the law incorrectly, including any regulations or legal obligations, such allegations are denied.

12.     An eligible employee may use this leave for several reasons, including "to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S. Code § 2612(a)(1)(C).

**ANSWER:**     The allegations in paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent Plaintiff has mischaracterized or paraphrased the contents of the law incorrectly, including any regulations or legal obligations, such allegations are denied.

13.     "Serious health condition" for purposes of the FMLA means "an illness, injury, impairment, or physical or mental condition that involves inpatient care in a hospital, hospice, or residential medical care facility; or continuing treatment by a health care provider." 29 USC § 2611(11).

**ANSWER:**     The allegations in paragraph 13 of the Complaint are legal conclusions to which no response is required. To the extent Plaintiff has mischaracterized or paraphrased the contents of the law incorrectly, including any regulations or legal obligations, such allegations are denied.

14.     Employees may use their 480 hours (12 workweeks) of FMLA leave intermittently and only the hours used each day are subtracted from their available hours of FMLA leave. 29 U.S. Code § 2612(b)(1).

**ANSWER:**     The allegations in paragraph 14 of the Complaint are legal conclusions to which no response is required. To the extent Plaintiff has mischaracterized or paraphrased the contents of the law incorrectly, including any regulations or legal obligations, such allegations are denied.

15.     Under 29 U.S. Code § 2615(D)(a)(1), an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA.

**ANSWER:**     The allegations in paragraph 15 of the Complaint are legal conclusions to which no response is required. To the extent Plaintiff has mischaracterized or paraphrased the contents of the law incorrectly, including any regulations or legal obligations, such allegations are denied.

16.     An employer violates the FMLA when it "discharge[s] or in any other manner discriminate[s] against any individual for opposing any practice made unlawful by this subchapter." 29 U.S. Code § 2615(D)(a)(2).

**ANSWER:**     The allegations in paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent Plaintiff has mischaracterized or paraphrased the contents of the law incorrectly, including any regulations or legal obligations, such allegations are denied.

17.     Affected employees are entitled to be reinstated to their previously held position and may recover all lost wages and benefits, plus an equal amount as liquidated damages, plus attorney fees and costs. 29 U.S. Code § 2617.

**ANSWER:** The allegations in paragraph 17 of the Complaint are legal conclusions to which no response is required. To the extent Plaintiff has mischaracterized or paraphrased the contents of the law incorrectly, including any regulations or legal obligations, such allegations are denied.

IV.     **STATEMENT OF FACTS**

18.     On or about July 12, 2021, Plaintiff began working for Defendant at Defendant's factory in Rockbridge County, Virginia. (See **Exhibit 1**.)[1]

**ANSWER:** Modine admits that Plaintiff's start of temporary employment began July 12, 2021.

19.     Plaintiff was initially paid $16/hr. but that increased to $20.15 by the time he left a few months later.

**ANSWER**:     Modine admits the allegations in paragraph 19 of the Complaint.

20.     On or about February 23, 2022, Plaintiff reluctantly took a short leave of absence to care for his young son who suffers from a life-threatening health condition requiring hospitalization from February 23, 2022 - June 9, 2022, and continuing treatment by a health care provider.

**ANSWER:** Modine admits that Plaintiff voluntarily left his employment on February 23, 2022. Modine is without sufficient information to admit or deny the remaining allegations and, therefore, denies the same. denies the remaining allegations of paragraph 20 of the Complaint.

21.     Between July 12, 2021, and February 23, 2022, Plaintiff worked thirty (30) weeks and two (2) days for Defendant.

**ANSWER**:     Modine admits that Modine employed Plaintiff from July 12, 2021 to February 23, 2022.  Modine denies the remaining allegations of paragraph 21 of the Complaint.

22.     On or about July 5, 2022, Plaintiff resumed working for Defendant in the same capacity he did prior to his resignation on February 23, 2022. (See **Exhibit 2**.)

**ANSWER**:     Modine admits the allegations of paragraph 22 of the Complaint, which are reflected in Offer of Employment Letter dated June 22, 2022, and which speaks for itself.

23.     In this capacity, he earned $21.06 initially and $23.41/hr. on the date he was terminated.

**ANSWER:**     Modine admits the allegations of paragraph 23 of the Complaint.

24.     Between July 5, 2022, and April 24, 2023, Plaintiff worked forty-one (41) weeks and six (6) days while employed by Defendant.

**ANSWER:**     Modine admits that Modine employed Plaintiff from July 5, 2022 to April 24, 2023. Modine denies the remaining allegations in paragraph 24 of the Complaint.

25.     When combined with Plaintiff's previous term of service between November 1, 2021, and February 23, 2022, this resulted in **a total of seventy-three (73) weeks** that count toward the FMLA's length of service requirement.

**ANSWER:**     Modine admits that Modine employed Plaintiff from July 12, 2021 to February 23, 2022 and from July 5, 2022 to April 24, 2023. The remaining allegations are conclusions of law to which no response is required. To the extent a response is required, Modine denies the remaining allegations in paragraph 25 of the Complaint.

26.     In addition, Plaintiff worked more than the minimum 1,250 hours required to trigger protection under the FMLA.

**ANSWER:**     Modine admits that Plaintiff worked 1,250 hours, the remaining allegations in paragraph 26 of the Complaint assert conclusions of law to which no response is required.

27.     On or about December 22, 2022, Plaintiff requested intermittent leave to care for his child whose condition had regressed to the point he required a medical procedure at Vanderbilt University in Nashville, TN.

**ANSWER**:     Modine admits Plaintiff requested leave on December 21, 2022 to care for his son. Modine is without sufficient information to admit or deny the remaining allegations in paragraph 27 of the Complaint, and, therefore, denies the same.

28.     This procedure required Plaintiff's son to be hospitalized for several days and confirmed his medical condition would require years (and perhaps a lifetime) of continuing treatment.

**ANSWER**:     Modine is without sufficient information to admit or deny the allegations in paragraph 28 of the Complaint and, therefore, denies the same.

29.     Plaintiff initially presented this request to his direct supervisor, Jon, who referred him to Defendant's Human Resources Manager, Brent Secrist.

**ANSWER**:     Modine denies the allegations in paragraph 29 of the Complaint.

30.     Mr. Secrist told Plaintiff he did not qualify for FMLA leave, so he gave Plaintiff leave paperwork and told him to bring it back after getting it signed by Jon and Defendant's Factory Focus Manager, Cindy Forbes.

**ANSWER**:     Modine admits the allegations in paragraph 30 of the Complaint.

31.     Defendants approved a 2-week leave of absence for Plaintiff to care for his son.

**ANSWER**:     Modine admits the allegations in paragraph 31 of the Complaint.

32.     Plaintiff participated in a communications meeting in which Plaintiff approached Defendant's Plant Manager, Matt Neibur, to discuss Plaintiff's son and the health conditions he continued to experience.

**ANSWER**:    Modine admits the allegations in paragraph 32 of the Complaint.

33.    Mr. Neibur told Plaintiff he did not qualify for FMLA, but that he would approve another 2-week leave in advance and leave the dates blank to be filled in when needed.

**ANSWER**:    Modine admits the allegations in paragraph 33 of the Complaint.

34.    Plaintiff completed the leave of absence request and both Mr. Secrist and Ms. Forbes signed it.

**ANSWER**:    Modine admits the allegations in paragraph 34 of the Complaint.

35.    In March, Plaintiff's son suffered another setback.

**ANSWER**:    Modine lacks sufficient information to admit or deny the allegations in paragraph 35 of the Complaint and, therefore, denies the same.

36.    In response, Plaintiff requested to use the pre-approved 2-week leave of absence.

**ANSWER**:    Modine admits the allegations in paragraph 36 of the Complaint.

37.    Plaintiff's Production Supervisor, Jeremy Clark, recognized the leave of absence and told him to take care of his son.

**ANSWER**:    Modine admits the allegations in paragraph 37 of the Complaint.

38.    On March 13, 2023, Ms. Forbes called Plaintiff and said his request did not meet Modine's requirements (despite having already signed and approved). As a result, Ms. Forbes told Plaintiff his absences may result in disciplinary points.

**ANSWER**:    Modine admits that on March 13, 2023, Ms. Forbes called Plaintiff to confirm that he was on leave to care for his son in the hospital as he had represented. When Ms. Forbes learned Plaintiff's son was not in the hospital, Ms. Forbes informed Plaintiff that his request may not meet Modine's requirements. Modine denies the remaining allegations in paragraph 38 of the Complaint.

39.     Ms. Forbes callously asked Plaintiff why his son was not in a hospital if he was actually as sick as Plaintiff stated.

**ANSWER**:     Modine states that Plaintiff represented he required leave to care for his son in the hospital. Modine further admits Ms. Forbes inquired why Plaintiff was on leave if his son was at home and not in the hospital. Modine denies the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Plaintiff explained his son's condition required him to avoid contact with others whenever necessary and his doctors recommended treatment at home whenever possible.

**ANSWER**:     Modine lacks sufficient information to admit or deny the allegations in paragraph 40 of the Complaint, and, therefore, denies the same.

41.     In response, Ms. Forbes stated, "I don't need any details."

**ANSWER**:     Modine denies the allegations in paragraph 41 of the Complaint.

42.     Ms. Forbes stated she was going to have a meeting with Defendant's agents on March 15, 2023, to discuss the issue further.

**ANSWER**:     Modine is without sufficient information to admit or deny the allegations in paragraph 42 of the Complaint, and, therefore, denies the same.

43.     Following the meeting, Ms. Forbes told Plaintiff they would call him to give him their response to his request.

**ANSWER:**     Modine is without sufficient information to admit or deny the allegations in paragraph 43 of the Complaint, and, therefore, denies the same.

44.     Fortunately, Plaintiff's son's condition improved enough he was able to return to work sooner than expected.

**ANSWER:** Modine admits that Plaintiff voluntarily returned to work before his leave expired. Modine is without sufficient information to admit or deny the remaining allegations in paragraph 44 of the Complaint and, therefore, denies the same.

45. On March 20, 2023, Plaintiff arrived at work to complete his regularly scheduled shift.

**ANSWER:** Modine admits that Plaintiff voluntarily returned to work on March 20, 2023, without notifying Modine of his intention to do so. Modine denies the remaining allegations in paragraph 45.

46. Plaintiff's supervisor, Mr. Clark, told Plaintiff the factory was shut down that week in order to take inventory, but told Plaintiff to work four hours and take the rest of the week off.

**ANSWER:** Modine admits that when Plaintiff arrived on March 20, 2023, the factory was closed in order to take inventory. Modine is without sufficient information to admit or deny the remaining allegations and, therefore, denies the same.

47. Plaintiff worked the four hours his supervisor ordered him to work and took the rest of the week off.

**ANSWER:** Modine admits Plaintiff did not work the week of March 20, 2023 while the factory was closed. Modine is without sufficient information to admit or deny the remaining allegations and, therefore, denies the same.

48. On or about March 28, 2023, Plaintiff returned to work.

**ANSWER**: Modine admits the allegations in paragraph 48 of the Complaint.

49. Mr. Clark told Plaintiff Ms. Forbes and Mr. Secrist needed to meet with him.

**ANSWER:** Modine is without sufficient information to admit or deny the allegations of paragraph 49 of the Complaint and, therefore, denies the same.

50.     During the meeting, Ms. Forbes told Plaintiff he did not qualify for FMLA leave unless he had 12 <u>consecutive</u> months of service.

**ANSWER:**     Modine denies the allegations in paragraph 50 of the Complaint.

51.     She also told Plaintiff his previously-approved absence did not meet company requirements and that it could only be exercised in situations where Plaintiff's son is actually hospitalized.

**ANSWER**:     Modine denies the allegations contained in Paragraph 51.

52.     In response, Plaintiff asked Mr. Secrist and Ms. Forbes to provide him a copy of the signed and approved leave of absence request.

**ANSWER**:     Modine admits the allegations in paragraph 52 of the Complaint.

53.     Mr. Secrist and Ms. Forbes refused to provide the form to Plaintiff.

**ANSWER**:     Modine admits the allegations in paragraph 53 of the Complaint.

54.     Ms. Forbes told Plaintiff that Plaintiff's wife was his son's "primary caretaker," so he Plaintiff could not take off work even if his son really was sick.

**ANSWER:**     Modine denies the allegations in paragraph 54 of the Complaint.

55.     On March 28, 2023, Plaintiff again requested FMLA leave while speaking to Mr. Secrist.

**ANSWER**:     Modine is without sufficient information to admit or deny the allegations in paragraph 55 and, therefore, denies the same.

56.     Despite previously denying Plaintiff's request, Mr. Secrist changed course and told Plaintiff Modine submitted all FMLA requests to Lincoln Financial Group ("Lincoln") for processing.

**ANSWER:**     Modine denies the allegations in paragraph 56 of the Complaint.

57. That evening, Plaintiff submitted an FMLA request (**Exhibit 3**) to Defendant's agent, Lincoln. After submitting the request, Plaintiff spoke with a Lincoln representative who confirmed nearly everything Defendant's agents had told him about the FMLA was wrong.

**ANSWER:** In regards to the allegations in paragraph 57 of the Complaint, Modine acknowledges that Exhibit 3 of the Complaint speaks for itself. Modine denies the remaining allegations contained in this paragraph.

58. On or about April 3, 2023, Lincoln sent Plaintiff a letter rejecting his request for FMLA certification (**Exhibit 4**).

**ANSWER:** In regards to the allegations in paragraph 58 of the Complaint, Modine acknowledges that Exhibit 4 of the Complaint speaks for itself. To the extent Plaintiff has mischaracterized or paraphrased the contents of the email in Exhibit 4 of the Complaint, Modine denies the same.

59. Lincoln's claim processor, Joanna Elmore, cited as the basis for its denial that Plaintiff failed to meet FMLA's length of service requirement. (See **Exhibit** id.).

**ANSWER**: In regards to the allegations in paragraph 59 of the Complaint, Modine acknowledges that Exhibit 4 of the Complaint speaks for itself. To the extent Plaintiff has mischaracterized or paraphrased the contents of the email in Exhibit 4, Modine denies the same.

60. Between the date he became FMLA-eligible and April 20, 2023, Plaintiff was forced to miss several additional days, depleting his bank of available vacation time.

**ANSWER**: Modine admits that Plaintiff took at least two weeks off in April 2023.

61. On April 20, 2023, Plaintiff sent an e-mail (**Exhibit 5**) to Lincoln's "leave team" stating he had been wrongfully denied FMLA because of failure to include the period he worked

between "11/01/2021 and 2/23/2022." Plaintiff cited the Leave ID# assigned to his request and asked the Leave Team, "Please advise."

**ANSWER**:    In regards to the allegations in paragraph 61 of the Complaint, Modine acknowledges that Exhibit 5 of the Complaint speaks for itself. To the extent, Plaintiff has mischaracterized or paraphrased the contents of the email in Exhibit 5, Modine denies the same.

62.    On or about April 21, 2023, Plaintiff's partner, Stephanie Porfert, called Lincoln's agent, Ms. Elmore, to remind her of Plaintiff's previous service between November 1, 2021, and February 23, 2022, that had to be included in calculating Plaintiff's "length of service."

**ANSWER:**    Modine is without sufficient information to admit or deny the allegations in paragraph 62 and, therefore, denies the same.

63.    On April 22, 2023, Ms. Porfert sent Lincoln's "leave team" an identical copy (**Exhibit 6**) of the e-mail Plaintiff had sent them two days before.

**ANSWER**:    In regards to the allegations in paragraph 63 of the Complaint, Modine acknowledges that Exhibit 6 of the Complaint speaks for itself. Modine is without sufficient information to admit or deny the remaining allegations and, therefore, denies the same.

64.    On April 24, 2023, Ms. Elmore sent Plaintiff an e-mail response thanking him for sending the April 22, 2023, e-mail but confirming "the date Modine is reporting for date of hire is 07/05/2022, which is reporting 9 months in service with your employer. The FMLA benefit has an eligibility requirement of 12 months and 1250 hours worked so it is denying based on service months." (Emphasis added.)

**ANSWER:**    In regards to the allegations in paragraph 64 of the Complaint, Modine acknowledges that the email in Exhibit 6 of the Complaint speaks for itself. To the extent Plaintiff

has mischaracterized or paraphrased the contents of the email in Exhibit 6 of the Complaint, Modine denies the same.

65. On April 25, 2023, Plaintiff showed up at 4:45AM to work his regular shift at 5AM.

**ANSWER**: Modine is without sufficient information to admit or deny allegations in paragraph 65 and, therefore, denies the same.

66. Plaintiff's access card no longer worked and he was not able to enter the building.

**ANSWER:** Modine is without sufficient information to admit or deny the allegations in paragraph 66 and, therefore, denies the same.

67. Later that day, Mr. Secrist notified Plaintiff by phone that he had been terminated due to violating Defendant's attendance policy.

**ANSWER**: Upon information and belief, Modine denies the allegations in paragraph 67 on the grounds that Mr. Secrist notified Plaintiff by phone that he had been terminated on April 24, 2023 due to violating Defendant's attendance policy.

68. Plaintiff reminded Mr. Secrist Plaintiff had sought unpaid medical leave under the FMLA, but Mr. Secrist stated Plaintiff had been properly denied because he had not worked a "full year of employment."

**ANSWER:** Modine denies the allegation contained in paragraph 68 of the Complaint.

69. Mr. Secrist told Plaintiff his medical insurance would end at 11:59PM that night.

**ANSWER:** Upon information and belief, Modine denies the allegations in paragraph 69 on the grounds that Mr. Secrist told Plaintiff that his medical insurance would end at 11:59 PM on April 24, 2023.

70. Contrary to that assertion, Defendant <u>actually</u> terminated Plaintiff's health insurance four days earlier on April 21, 2023.

**ANSWER:**   Modine denies the allegation contained in paragraph 70 of the Complaint.

71.   Between April 21, 2023, and the present, Plaintiff has incurred approximately $15,000 in medical bills the insurance policy he had as an employee of Defendant would have paid but for his unlawful termination. These bills are expected to continue to accrue at the rate of approximately $30,000 per month until Plaintiff's medical insurance is reinstated. Worse yet, several providers have cancelled appointments for treating Plaintiff's son because he is no longer insured.

**ANSWER:**   Modine lacks sufficient information to admit or deny the allegations in paragraph 71 of the Complaint and, therefore, denies the same.

72.   In addition, Plaintiff has lost approximately $1,650 in wages and benefits he would have received but for Defendant's denial of his rights under the FMLA. These lost wages and benefits will continue to accrue at a rate of approximately $800 per week until he is reinstated.

**ANSWER:**   Modine lacks sufficient information to admit or deny the allegations in paragraph 72 of the Complaint and, therefore, denies these allegations.

## V.    CAUSES OF ACTION

### COUNT 1
### Family and Medical Leave Act, 29 § U.S.C. 2601, et seq. ("FMLA")

73.   Plaintiff re-alleges and incorporates by reference paragraphs 1-72 as if fully set forth in this Count I.

**ANSWER**:   Modine incorporates by reference paragraphs 1 through 72 as though previously set out herein.

74.   Plaintiff satisfied the two requirements for coverage under the FMLA: 1) he worked at least twelve (12) months for Defendant within the past seven (7) years; and 2) he worked at least 1,250 hours for Defendant within the previous twelve (12) months.

**ANSWER**: The allegations in paragraph 74 of the Complaint are conclusions of law to which no response is required.

75. Because Plaintiff met these requirements, Plaintiff was entitled to 480 hours of unpaid medical leave under the FMLA.

**ANSWER:** The allegations in paragraph 75 of the Complaint are conclusions of law to which no response is required.

76. Plaintiff requested FMLA leave for an FMLA-qualifying purpose: to care for his son who was experiencing a serious health condition as that term is defined under the FMLA.

**ANSWER**: Modine admits that Plaintiff requested FMLA leave. Modine is without sufficient information to admit or deny the remaining allegations in paragraph 76 and, therefore, denies the same.

77. Defendant wrongfully interfered with Plaintiff's attempt to exercise this right under the FMLA by denying this request.

**ANSWER**: The allegations contained in paragraph 77 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Modine denies the allegations contained in this paragraph.

78. The reason given for this denial (failure to meet the 12 months of service requirement) was invalid. Defendant failed or refused to consider the months of service Plaintiff served prior to his short leave of absence in 2022.

**ANSWER**: In response to paragraph 78, Modine states that Plaintiff was unqualified for other reasons during the time of his employment. Modine denies the allegations contained in this paragraph.

79.     Even when Plaintiff reminded Defendant and its agents of this prior term of service, Defendant continued to deny his eligibility under the FMLA.

**ANSWER**:     Modine admits that its agent, Lincoln, denied Plaintiff's claim for benefits under the FMLA. Modine denies the remaining allegations in paragraph 79 of the Complaint.

80.     As a direct and proximate result of Defendant's interference with Plaintiff's attempt to exercise this right under the FMLA, Plaintiff exhausted his other forms of available leave on or about April 20, 2023, rendering his absence on April 21, 2023, "unapproved."

**ANSWER:**     Modine denies the allegation contained in this paragraph.

81.     Defendant terminated Plaintiff on April 24, 2023, citing an accumulation of disciplinary points resulting from "violations" of Defendant's attendance policy.

**ANSWER**:     Modine admits it terminated Plaintiff's employment on April 24, 2026. Modine denies the remaining allegations in paragraph 81 of the Complaint.

82.     These absences would not have resulted in disciplinary points if Defendant had approved Plaintiff's request for FMLA leave.

**ANSWER**:     Modine is without sufficient information to admit or deny the allegations in paragraph 82 of the Complaint and, therefore, denies the same.

83.     As a result of Defendant's violations of the FMLA, Plaintiff is entitled to be reinstated to his previously held position in addition to all lost wages and benefits (including medical bills his insurance policy would have paid but for his termination), an equal amount as liquidated damages, plus attorney fees and costs.

**ANSWER:**     Modine denies the allegations contained in paragraph 83 of the Complaint.

## VI.     PRAYER FOR RELIEF

Modine denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph and subparts thereto.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Subject to a reasonable opportunity for further investigation, inquiry and discovery, Modine asserts the following affirmative and additional defenses:

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

3. Plaintiff's claims are barred, in whole or in part, by his failure to comply with any statutory prerequisites and/or conditions precedent to suit.

4. Plaintiff's Complaint fails to the extent he did not meet the eligibility requirements of the FMLA.

5. All employment actions with respect to Plaintiff were based on permissible, legitimate, and lawful factors unrelated to his legal rights under the FMLA.

6. Upon discovery of sufficient facts, Modine reserves the right to raise the defenses of "after-acquired evidence."

7. Upon discovery of sufficient facts, Modine reserves the right to raise the defense that Plaintiff has failed to mitigate his alleged damages.

8. To the extent Plaintiff may be entitled to damages, which Modine denies, those damages must be reduced or are subject to a set-off or credit because of Plaintiff's failure to mitigate some or all of his damages.

9.      Any request for punitive or liquidated damages is barred by Modine having acted in good faith and on reasonable grounds.

To the extent that any defense raised by Modine is not an affirmative defense, Modine in no way implies that it assumes the burden of proof for such defense, and Modine does not waive any additional defenses.  Modine reserves the right to assert additional defenses as they become evident through discovery or investigation.

## **Modine's Prayer for Relief**

WHEREFORE, Modine asserts that Plaintiff's Complaint should be dismissed in its entirety, and Defendant should be awarded such other and further relief to which it is entitled.

Dated this the 31st day of August, 2023.

Respectfully submitted,

**MODINE MANUFACTURING COMPANY**

***/s/Amy M. Pocklington***
Amy M. Pocklington (VA Bar No. 45233 )
amy.pocklington@ogletreedeakins.com
Alicia R. Johnson (VA Bar No. 86894)
alicia.johnson@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Richmond, VA  23219
Tel.: (804) 663-2330
Fax: (804) 225-8641

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2023, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to counsel for Plaintiff:

Christopher E. Collins, Esq.
Mia Yugo, Esq.
YUGO COLLINS, PLLC
25 Franklin Rd, SW
Roanoke, Virginia 24011
chris@yugocolins.com
mia@yugocollins.com

*/s/Amy M. Pocklington*
Amy M. Pocklington (VA Bar No. 45233 )
amy.pocklington@ogletreedeakins.com
Alicia R. Johnson (VA Bar No. 86894)
alicia.johnson@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Richmond, VA 23219
Tel.: (804) 663-2330
Fax: (804) 225-8641

*Counsel for Defendant*